Matthew J. Langley (SBN 342846)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

*Attorney for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA FRANCO, *individually and on behalf of herself and all others similarly situated*,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. BRITE NATURALS,<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)<br>2. Violation of the California False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*)<br>3. Violation of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*)<br>4. Breach of Implied Warranty of Merchantability<br>5. Fraud by Misrepresentation<br>6. Negligent Misrepresentation<br>7. Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

1.    Plaintiff Alma Franco ("Plaintiff"), individually and on behalf of all others similarly situated, through her undersigned attorney, brings the following class action complaint against Defendant Dr. Brite Naturals ("Defendant" or "Dr. Brite"), and alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

2.    Every day throughout the United States—and twice a day, if following the American Dental Association's recommendations—children brush their teeth. When parents decide which toothpaste products to buy for their children, they rely on information provided by the toothpaste manufacturer on the product's packaging and in marketing materials.

3.    A parent or any other average consumer is not in a position to determine whether the representations on packaging or in marketing materials about the quality or safety of toothpaste are true.  Instead, they must trust that the manufacturer's representations are truthful and accurate, and that the manufacturer has not omitted any important or material information about the product from its labeling.

4.    While Defendant Dr. Brite represents that its toothpaste is "non-toxic" and "safe to swallow,"[1] in reality, its toothpaste contains powerful neurotoxins like mercury, lead, cadmium, and arsenic in concentrations that are harmful to health, especially among children.

5.    Defendant has improperly, deceptively, and misleadingly labeled and marketed Dr. Brite Kids Mineral Toothpaste – Strawberry Sky "Dr. Brite Kids Toothpaste") to reasonable consumers, like Plaintiff and Class Members, by stating

---

[1]    DR. BRITE, *Kids Mineral Toothpaste – Strawberry Sky*, https://www.drbrite.com/collections/toothpaste/products/kids-toothpaste-natural-strawberry-sky-children-organic-vegan-gluten-free-fluoride-free?variant=21671244628028 (last visited May 8, 2025).

that it is "non-toxic" and "safe to swallow"[2] and by omitting and not disclosing to consumers that Dr. Brite Kids Toothpaste is contaminated with unsafe levels of mercury, lead, cadmium, and arsenic (collectively, "Heavy Metals"), which are known to cause a host of serious health conditions, including impaired brain development, breathing problems, abnormal heart rhythms, and cancer.

6. Plaintiff and Class Members relied on Defendant's misrepresentations on and omissions from Dr. Brite Kids Toothpaste's packaging and marketing materials, which were prepared, reviewed, and/or approved by Defendant and its agents and disseminated by Defendant and its agents. The misrepresentations and omissions were material content that a reasonable consumer would consider important when purchasing Dr. Brite Kids Toothpaste.

7. This action seeks both injunctive and monetary relief on behalf of the proposed classes, including an order requiring Defendant to recall all Dr. Brite Kids Toothpaste that does not disclose the presence of Heavy Metals, enjoining Defendant from selling Dr. Brite Kids Toothpaste that contains Heavy Metals, and restoring monies to Plaintiff and Class Members, all of whom would not have purchased Dr. Brite Kids Toothpaste had they known it contained Heavy Metals.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over all causes of action alleged in this Class Action Complaint under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and minimal diversity exists because at least one member of the Class is a citizen of a state other than the state in which Defendant is a citizen.

9. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District in the state of

---

[2] *Id.*

California.   Further, Defendant conducts and transacts business in the state of California and contracts to supply goods within the state of California, such that it has had continuous and systematic contacts with the state of California.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff suffered injury as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendant's principal place of business is in this District.

## **PARTIES**

11.    Plaintiff Alma Franco is, and at all relevant times, has been a citizen of the state of California, in the county of Santa Barbara.

12.    Plaintiff purchased Dr. Brite Kids Toothpaste beginning in October 2023 and last purchased Dr. Brite Kids Toothpaste in December 2023.

13.    When Plaintiff purchased Defendant's toothpaste, and due to Defendant's misrepresentations and omissions concerning the presence of Heavy Metals in Dr. Brite Kids Toothpaste, Plaintiff did not (and could not) know that it contained Heavy Metals.

14.    Plaintiff was unaware Dr. Brite Kids Toothpaste contained any level of Heavy Metals.

15.    Plaintiff would not have purchased Dr. Brite Kids Toothpaste if Defendant had disclosed that Dr. Brite Kids Toothpaste contains Heavy Metals.

16.    Defendant Dr. Brite Naturals is a health and wellness brand that produces personal care products, including toothpaste.

17.    Defendant's headquarters and principal place of business is located at 1536 Kimberly Avenue, Fullerton, California.

18.    Defendant produces, markets, distributes, and sells Dr. Brite Kids Toothpaste throughout the state of California and the United States.

19.    During all relevant times, Defendant controlled the manufacture, design,

CLASS ACTION COMPLAINT

testing, packaging, labeling, marketing, advertising, promotion, distribution, and sales of Dr. Brite Kids Toothpaste. Defendant therefore had control over how to label Dr. Brite Kids Toothpaste concerning its contents.

20. Defendant knowingly created, allowed, oversaw, and authorized the unlawful, fraudulent, unfair, misleading, and deceptive packaging and related marketing for Dr. Brite Kids Toothpaste, which did not disclose the presence of Heavy Metals and instead touted the safety of Dr. Brite Kids Toothpaste.

21. Dr. Brite Kids Toothpaste includes Dr. Brite Kids Mineral Toothpaste – Strawberry Sky.



CLASS ACTION COMPLAINT

# **FACTUAL BACKGROUND**

**I.    Dr. Brite Kids Toothpaste Contains Mercury, Lead, Cadmium, and Arsenic.**

22.    In April 2025, the product safety advocacy group Lead Safe Mama published a chart containing the toxicant profiles of fifty-one toothpaste and tooth powder products (the "LSM Chart").[3]

23.    The toxicant profiles in the LSM Chart are derived from laboratory reports produced by independent, third-party laboratories that tested the products.[4]

24.    The LSM Chart shows that Dr. Brite Kids Toothpaste tested positive for detectable levels of lead, cadmium, mercury, and arsenic in the following concentrations:

   a.  Lead: 86.0 parts per billion ("ppb")

   b.  Cadmium: 36.0 ppb

   c.  Mercury: 10.0 ppb

   d.  Arsenic: 121.0 ppb

25.    While most of the fifty-one toothpaste and tooth powder products described in the LSM Chart tested positive for detectable levels of some or all of these heavy metals, it is notable that five of the toothpaste products did not test positive for detectable levels of these heavy metals, demonstrating that toothpaste can be manufactured without these contaminants.

**II.    The Concentrations of Mercury, Lead, Cadmium, and Arsenic in Dr. Brite Kids Toothpaste Are Harmful to Health and Require Disclosure.**

26.    Mercury, lead, cadmium, and arsenic are heavy metals with known serious adverse health effects associated with human exposure to these metals,

---

[3] Tamara Rubin, *Chart Comparing the Toxicant Profiles of Popular Toothpaste and Tooth Powder Products Tested by an Independent, Third-Party Lab in 2025*, Lead Safe Mama (Jan. 31, 2025), https://tamararubin.com/2025/01/toothpaste-chart/.
[4] *Id.*

especially in children.[5]

27.    The Food and Drug Administration ("FDA") and the World Health Organization ("WHO") have declared mercury, lead, cadmium, and arsenic "dangerous to human health."[6]

28.    Indeed, the FDA has acknowledged that "exposure to these [heavy metals is] likely to have the most significant impact on public health" and has prioritized them in connection with its Toxic Elements Working Group to look at reducing the risks associated exposure to these heavy metals.[7]

29.    Heavy metals bioaccumulate in the body, meaning the body cannot excrete the toxins as quickly as they are absorbed, and the risk they pose increases over time and can remain in one's body for years.[8]

30.    It is paramount that manufacturers of consumable products test for these dangerous contaminants and, when detected, at a minimum, disclose their presence.

---

[5] *See, e.g.*, Lindsey M. Horton, *et al.*, *What Do We Know of Childhood Exposures to Metals (Arsenic, Cadmium, Lead, and Mercury) in Emerging Market Countries?*, International Journal of Pediatrics (2013); Barbosa, *et al.*, *A Critical Review of Biomarkers Used for Monitoring Human Exposure to Lead: Advantages, Limitations, and Future Needs*, ENVIRONMENTAL HEALTH PERSPECTIVES (Aug. 11, 2005).

[6] *Staff Report: Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury*, U.S. House of Representatives Committee on Oversight and Reform, Subcommittee on Economic and Consumer Policy, Feb. 4, 2021 ("House Report") at 2, https://oversightdemocrats.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf.

[7] *Environmental Contaminants in Food*, U.S. Food & Drug Administration, https://www.fda.gov/food/chemical-contaminants-pesticides/environmental-contaminants-food (last visited Apr. 27, 2025).

[8] *Heavy Metals in Baby Food: What you Need to Know*, Consumer Reports, Aug. 16, 2018 (updated June 27, 2023), https://www.consumerreports.org/health/food-safety/heavy-metals-in-baby-food-a6772370847/ (last visited Apr. 27, 2025).

#### a. Lead

31.    There is no known safe level of exposure to lead.[9]  According to the Centers for Disease Control and Prevention ("CDC"), the United States' public health agency, "[c]onsuming even small amounts of lead can be harmful."[10]

32.    The CDC warns that harm from exposure to lead can range from illness to even death.[11]

33.    Scientific studies have shown that exposure to lead has profound consequences, including reduced intelligence and an increased risk of mental illness, dementia, hypertension, arrhythmia, and breast cancer.[12]

34.    This is true even at low levels of lead consumption.  For example, research has shown that an increase of only 0.3 micrograms/deciliter of median blood lead levels is associated with a doubling of the risk for panic disorder.[13]

35.    Studies have also shown that people exposed to low levels of lead lose an average of 1.37 IQ points per 1 microgram/deciliter increase in blood lead

---

[9] *Lead in Food and Foodwares*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.fda.gov/food/environmental-contaminants-food/lead-food-and-foodwares; Barbosa, *supra*.

[10] *About Lead in Foods, Cosmetics, and Medicines*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/lead-prevention/prevention/foods-cosmetics-medicines.html.

[11] *Id.*

[12] Maryse F. Bouchard, PhD, *et al.*, *Blood Lead Levels and Major Depressive Disorder, Panic Disorder, and Generalized Anxiety Disorder in US Young Adults*, 66 ARCHIVES OF GENERAL PSYCHIATRY 1313, 1317 (Dec. 2009); Marc G. Weisskopf, *et al.*, *Cumulative lead Exposure and Prospective Change in Cognition Among Elderly Men*, 160 AMERICAN JOURNAL OF EPIDEMIOLOGY 1184, 1185, 1188, 1190-91 (2004); Olusegun I. Alatise, Gerhard N. Schrauzer, *Lead Exposure: A Contributing Cause of the Current Breast Cancer Epidemic in Nigerian Women*, BIOLOGICAL TRACE ELEMENTS RESEARCH 127, 138 (Mar. 3, 2010).

[13] Bouchard, *supra*, at 1317.  Note: in aqueous solutions, micrograms per liter and parts per billion are essentially equivalent because there are one billion micrograms in one liter.

concentration.[14]   Ingested lead accumulates in the bones and brain and can cause health problems even decades later.[15]   And chronic low dose exposure to lead is believed to be associated with cognitive decline and dementia in older adults.[16]

### b. Mercury

36.    The WHO has designated mercury as one of the ten most dangerous chemicals to public health due to its neurotoxic effects.[17]

37.    According to the CDC, exposure to mercury can affect the nervous system and kidneys.[18]

38.    And the FDA cautions that "the very young are more vulnerable to the harmful health effects of mercury exposure."[19]

39.    While chronic mercury exposure—such as daily or twice daily exposure over a period of years—can cause adverse effects during any period of development,

[14] Richard L. Canfield, Ph.D, *et al.*, *Intellectual Impairments in Children with Blood Lead Concentrations Below 10 Micrograms per Deciliter*, THE NEW ENGLAND JOURNAL OF MEDICINE 1517, 1521 (Apr. 17, 2003).

[15] Weisskopf, *supra*, at 1184, 1185, 1188, 1190-91; Jennifer Weuve, *et al.*, *Cumulative Exposure to Lead in Relation to Cognitive Function in Older Women*, 117 ENVIRONMENTAL HEALTH PERSPECTIVES 574, 578 (Apr. 2009).

[16] Weisskopf, *supra*, at 1184, 1185, 1188, 1190-91; Weuve, *supra*, at 574, 578; Bouchard, *supra*, at 1318.

[17] *Mercury*, WORLD HEALTH ORGANIZATION, https://www.who.int/news-room/fact-sheets/detail/mercury-and-health; Milioni, *et al.*, *Neurotoxic Impact of Mercury on the Central Nervous System Evaluated by Neuropsychological Tests and on the Autonomic Nervous System Evaluated by Dynamic Pupillometry*, NEUROTOXICOLOGY (March 2017).

[18] *ToxFAQs for Mercury*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://wwwn.cdc.gov/TSp/ToxFAQs/ToxFAQsDetails.aspx?faqid=113&toxid=24#:~:text=Top%20of%20Page-,How%20can%20I%20be%20exposed%20to%20mercury%3F,exposed%20to%20inorganic%20mercury%20salts.

[19] *Mercury in Food*, United States Food and Drug Administration, https://www.fda.gov/food/environmental-contaminants-food/mercury-food.

the effects of exposure to mercury are particularly acute with respect to children.[20] The FDA warns that children "are particularly vulnerable to the potential harmful effects from methylmercury exposure because of their smaller body sizes and rapid growth and metabolism."[21]

40.    The CDC reports that children exposed to mercury have been shown to have learning, sensory, and movement problems.[22]  Exposure to of mercury "during times of active brain development can lead to neurological effects such as decreased measures of intelligence, difficulty in memory and cognition, and problems with gross and fine motor skills," warns the FDA.[23]

41.    Even in small concentrations, mercury presents serious health risks. According to the WHO, "[e]xposure to mercury – even in small amounts – may cause serious health problems and is a threat to the development of the child in utero and early in life."[24]

42.    By regulation, the FDA set the maximum allowable concentration of mercury in bottled water at only 2 ppb.[25]

43.    By comparison, the concentration of mercury in Dr. Brite Kids Toothpaste is 10 ppb,[26] *i.e.*, five-times the concentration limit set by the FDA for bottled water.

---

[20] Base-O'Reilly, *et al*., *Mercury Exposure and Children's Health*, CURRENT PROBLEMS IN PEDIATRIC AND ADOLESCENT HEALTH CARE (Sept. 2010).
[21] *Mercury in Food*, United States Food and Drug Administration, https://www.fda.gov/food/environmental-contaminants-food/mercury-food.
[22] Base-O'Reilly*, supra.*
[23] *Mercury in Food*, United States Food and Drug Administration, https://www.fda.gov/food/environmental-contaminants-food/mercury-food.
[24] *Mercury*, WORLD HEALTH ORGANIZATION, https://www.who.int/news-room/fact-sheets/detail/mercury-and-health.
[25] 21 CFR Part 165.110.
[26] LSM Chart, *supra.*

### c. *Cadmium*

44.     Cadmium is "a heavy metal of considerable toxicity with destructive impact on most organ systems."[27]

45.     According to clinical studies, humans exposed to cadmium "demonstrate decreased attention level and memory."[28]

46.     Cadmium exposure, even in low amounts, is also linked to prostate cancer and pancreatic cancer.[29]

47.     For instance, one clinical study found that a cadmium concentration of less than 1 microgram per gram of creatinine was associated with progressive kidney dysfunction, peripheral vascular disease, and breast cancer.[30]

48.     The CDC has also warned of the risk of even low levels of exposure to cadmium, stating that "[l]ong-term exposure to lower levels of cadmium in air, food, and water leads to a buildup of cadmium in the kidneys and possibly kidney disease."[31]

49.     As such, "any cadmium exposure should be avoided."[32]

---

[27] Robin A. Bernhoft, *Cadmium Toxicity and Treatment*, SCIENTIFIC WORLD JOURNAL (June 3, 2013).

[28] *Id.* (citing Pacini, *et al.*, *Could Cadmium Be Responsible for Some of the Neurological Signs and Symptoms of Myalgic Encephalomyelitis/Chronic Fatigue Syndrome*, MEDICAL HYPOTHESES (2012)).

[29] *Id.* (citing Guzel S., *et al.*, Association of PB, Cd, and Se Concentrations and Oxidative Damage-Related Markers in Different Grades of Prostate Carcinoma, BIOLOGICAL TRACE ELEMENT RESEARCH (2011); Amaral AF*, et al.*, *Pancreatic Cancer Risk and Levels of Trace Elements*, GUT (2012).

[30] Soisungwan Satarug, *et al.*, *Health Risk Assessment of Dietary Cadmium Intake: Do Current Guidelines Indicate How Much Is Safe?*, ENVIRONMENTAL HEALTH PERSPECTIVES (2017).

[31] *ToxFAQs for Cadmium*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://wwwn.cdc.gov/TSP/ToxFAQs/ToxFAQsDetails.aspx?faqid=47&toxid=15.

[32] M. Nathaniel Mead, *Cadmium Confusion: Do Consumers Need Protection?*, ENVIRONMENTAL HEALTH PERSPECTIVES, (Dec. 2010).

### d. Arsenic

50. The CDC warns that ingesting even low levels of arsenic can cause "nausea and vomiting, decreased production of red and white blood cells, abnormal heart rhythm, damage to blood vessels, and a sensation of 'pins and needles' in hands and feet."[33]

51. Studies have also shown that arsenic can cause respiratory, gastrointestinal, hematological, hepatic, renal, skin, neurological, and immunological effects,[34] impaired brain development, growth problems, breathing problems, and a compromised immune system."[35]

52. By regulation, the FDA set the maximum allowable concentration of arsenic in bottled water at only 10 ppb.[36]

53. By comparison, the concentration of arsenic in Dr. Brite Kids Toothpaste is 121 ppb,[37] *i.e.*, over twelve times the concentration limit set by the FDA for bottled water.

### III. Defendant Failed to Disclose that Dr. Brite Kids Toothpaste Contains Mercury, Lead, Cadmium, and Arsenic.

54. Defendant lists the ingredients of Dr. Brite Kids Toothpaste on the packaging; however, as the following image from Defendant's website shows,

---

[33] *ToxFAQs for Arsenic*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://wwwn.cdc.gov/TSP/ToxFAQs/ToxFAQsDetails.aspx?faqid=19&toxid=3.

[34] House Report at 10.

[35] Letter to FDA Acting Commissioner Janet Woodcock, signed by Senators Klobuchar, Blumenthal, Leahy, Duckworth, and Booker, June 21, 2021, *https://www.klobuchar.senate.gov/public/_cache/files/9/9/996f2cad-5295-432ba543-f69312988a78/37D015A1AC9DDF0E31B341F629469169.6.22.2021-formatted-letter-to-fda-on-baby-food-recall.pdf* (last visited Apr. 27, 2025) (citing *Arsenic and Children*, Dartmouth Toxic Metals Superfund Research Program, 2021, *https://sites.dartmouth.edu/arsenicandyou/arsenic-and-children/* (last visited Apr. 27, 2025).

[36] 21 CFR Part 165.110.

[37] LSM Chart, *supra*.

Defendant fails to disclose that Dr. Brite Kids Toothpaste contains mercury, lead, cadmium, and arsenic: [38]



55.    Defendant also does not disclose the presence of Heavy Metals on the front of the packaging of Dr. Brite Kids Toothpaste, as the following image shows: [39]

---

[38]    DR. BRITE, *Kids Mineral Toothpaste – Strawberry Sky*, https://www.drbrite.com/collections/toothpaste/products/kids-toothpaste-natural-strawberry-sky-children-organic-vegan-gluten-free-fluoride-free?variant=21671244628028 (last visited May 8, 2025).

[39] *Id.*

13



56.    At no point does Defendant's website disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste.[40]

**IV.    Defendant Misrepresented the Composition & Safety of its Toothpaste.**

57.    Despite Dr. Brite Kids Toothpaste being contaminated with unsafe levels of mercury, lead, cadmium, and arsenic, Defendant makes the following misrepresentations on its website concerning Dr. Brite Kids Toothpaste:

    a.  "Clean Ingredients"

    b.  "safe for your little ones"

    c.  "safe to swallow"

---

[40] *See generally, id.*

1             d.  "non-toxic"

2             e.  "free of toxic chemicals"

3        58.    The following image from Defendant's website depicts Defendant's

4 misrepresentations that Dr. Brite Kids Toothpaste contains "Clean Ingredients," is

5 "safe for your little ones," and is "safe to swallow."[41]



6

7

8

9

10

11

12

13

14

15

16

17

18        59.    The following image from Defendant's website depicts Defendant's

19 misrepresentation that Dr. Brite Kids Toothpaste is "safe to swallow."[42]

20

21

22



23

**Safe to Swallow**

24

No more stressing about the iffy

25

ingredients in your kid's oral care.

26

That's something to smile about.

27  [41] *Id.*

28  [42] *Id.*

CLASS ACTION COMPLAINT

60.    The following image from Defendant's website depicts Defendant's misrepresentation that Dr. Brite Kids Toothpaste is "non-toxic":[43]

∧ Are your oral care products natural?

Dr. Brite is a line of naturally derived, non-toxic oral care products. We only use the highest grade and purest plant based ingredients. All of our products are always: Cruelty Free, Gluten Free, Paraben Free, Non-GMO, Phthalate Free, and Fluoride Free.

61.    The following image from Defendant's website depicts Defendant's misrepresentation that Dr. Brite Kids Toothpaste is "free of toxic chemicals":[44]

DR.BRITE®    Shop ∨    Bundle & Save    About    Contact Us     

**Meet The Doctors**

**Our Promise**

Dr. Brite is a health and wellness brand that produces safe and effective solutions for the entire family and for generations to come. Our products are free of toxic chemicals, inflammatory agents, and hormone disruptors.

We strive for innovation in our formulas and promise to do it without animal testing or wasteful packaging. Each carefully selected ingredient is naturally derived, plant-based, and tested for purity.

When you bring Dr. Brite into your home, you ensure your family's peace of mind so you can live a clean, safe, and Brite life.

## V.    Defendant's Misrepresentations and Omissions Concerning the Presence of Mercury, Lead, Cadmium, and Arsenic in Dr. Brite Kids Toothpaste Misled and Deceived Consumers.

62.    Defendant manufactures, markets, advertises, and sells consumer products.

63.    Defendant is in the unique and superior position of knowing the ingredients and raw materials used in the manufacturing process of Dr. Brite Kids Toothpaste, the manufacturing process of the ingredients and raw materials Dr. Brite Kids Toothpaste contains, and the risks associate with those processes, such as the risk of mercury, lead, cadmium, and arsenic contamination.

64.    Defendant also has the ability to test Dr. Brite Kids Toothpaste for

---

[43] *Id.*

[44] DR. BRITE, *Meet the Doctors*, https://www.drbrite.com/pages/meet-the-doctors (last visited May 8, 2025).

mercury, lead, cadmium, and arsenic contamination prior to releasing Dr. Brite Kids Toothpaste into the stream of commerce.

65.    As such, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing of its toothpaste.

66.    Defendant has a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the contents of Dr. Brite Kids Toothpaste.

67.    Defendant knew that reasonable consumers such as Plaintiff and Class Members would be the end purchasers of Dr. Brite Kids Toothpaste and the targets of its advertising.

68.    Defendant intended that the packaging, its website, and implied warranties would be considered by the end purchasers of Dr. Brite Kids Toothpaste, including Plaintiff and Class Members.

69.    Defendant directly marketed to Plaintiff and Class Members through the packaging of Dr. Brite Kids Toothpaste and its website.

70.    Plaintiff and Class Members are the intended beneficiaries of the implied warranties.

71.    Defendant's misrepresentations and omissions were material and intentional.  Consumers such as Plaintiff and Class Members are influenced by the marketing and advertising campaign and the labeling of Dr. Brite Kids Toothpaste, including the listed ingredients.

72.    Defendant knew that if it had not omitted that Dr. Brite Kids Toothpaste contains mercury, lead, cadmium, and arsenic, then Plaintiff and Class Members would not have purchased Dr. Brite Kids Toothpaste.

73.    By misrepresenting the contents and safety of Dr. Brite Kids Toothpaste and omitting that Dr. Brite Kids Toothpaste contains mercury, lead, cadmium, and arsenic on the packaging and marketing materials for Dr. Brite Kids Toothpaste, Defendant knew that those misrepresentations and omissions are material to

consumers since they would not purchase a product with harmful neurotoxins such as mercury, lead, cadmium, and arsenic.

74.     Defendant's misrepresentations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchasing decisions.

75.     Defendant's false, misleading, and deceptive misrepresentations and omissions regarding Dr. Brite Kids Toothpaste are likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and mislead Plaintiff and Class Members.

76.     In making false, misleading, and deceptive misrepresentations and omissions, Defendant knew and intended that consumers would pay a premium for a product marketed without mercury, lead, cadmium, and arsenic over comparable products not so marketed.

## VI.     Plaintiff's and Class Members' Reliance on Defendant's Misrepresentations and Omissions Was Reasonable and Foreseeable.

77.     Consumers like Plaintiff and Class Members have become increasingly concerned about the effects of ingredients in products that they orally ingest.

78.     Companies like Defendant have capitalized on consumers' desire for safe products and, indeed, consumers are willing to pay, and have paid, a premium for these products.

79.     Consumers lack the meaningful ability to test or independently ascertain or verify whether a product contains unsafe substances, such as mercury, lead, cadmium, or arsenic, and therefore must and do rely on Defendant to truthfully and honestly report what Dr. Brite Kids Toothpaste contains on its packaging.

80.     Consumers rely on packaging and marketing materials when making purchasing decisions.

81.     Plaintiff and Class Members reasonably relied to their detriment on

1  Defendant's misrepresentations and omissions.

2      82.    The fact that Dr. Brite Kids Toothpaste is contaminated with mercury,

3  lead, cadmium, and arsenic is not information that is reasonably accessible to Plaintiff

4  and Class Members.

5  **VII.   Plaintiff and Class Members Were Harmed by Defendant.**

6      83.    As an immediate, direct, and proximate result of Defendant's false,

7  misleading, and deceptive misrepresentations and omissions, Defendant injured

8  Plaintiff and Class Members in that they:

9              a.  Paid a sum of money for Dr. Brite Kids Toothpaste that was not what
10                 Defendant represented;

11             b.  Paid a premium price for Dr. Brite Kids Toothpaste that was not what
12                 Defendant represented;

13             c.  Were deprived of the benefit of the bargain because the products they
14                 purchased were different from what Defendant represented;

15             d.  Were deprived of the benefit of the bargain because the products they
16                 purchased had less value than what Defendant represented;

17             e.  Ingested substances that were of a different quality than what
18                 Defendant promised; and

19             f.  Were denied the benefit of the properties of Dr. Brite Kids Toothpaste
20                 that Defendant promised.

21     84.    Had Defendant not made false, misleading, and deceptive

22  misrepresentations and omissions, Plaintiff and Class Members would not have

23  purchased Dr. Brite Kids Toothpaste and/or would not have been willing to pay the

24  same amount for Dr. Brite Kids Toothpaste that they purchased and, consequently,

25  Plaintiff and Class Members would not have been willing to purchase those Dr. Brite

26  Kids Toothpaste products.

27     85.    The Dr. Brite Kids Toothpaste products that Plaintiff and Class Members

28

received were worth less than the Dr. Brite Kids Toothpaste products for which they paid because the products they purchased contained mercury, lead, cadmium, and arsenic.

86.    Plaintiff and Class Members paid money for the Dr. Brite Kids Toothpaste products that they purchased.  Consequently, Plaintiff Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

87.    Had Plaintiff and the Class Members known that Dr. Brite Kids Toothpaste contains mercury, lead, cadmium, and arsenic, they would not have been willing to purchase it any price.

## CLASS ACTION ALLEGATIONS

88.    Plaintiff brings this action as a class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), on behalf of herself and all others similarly situated, as members of the following classes of persons (collectively, the "Classes" and "Class Members") against Defendant, subject to modification after discovery and case development:

> <u>Nationwide Class:</u>  All persons in the United States who purchased Dr. Brite Kids Toothpaste for household use and not for resale.

> <u>California Subclass:</u>  All persons who, while in the state of California, purchased Dr. Brite Kids Toothpaste for household use and not for resale.

89.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parent have a controlling interest and their current employees, officers and directors; (3) Plaintiff's counsel and Defendant's counsel,

and their experts and consultants; and (4) the legal representatives, successors, and assigns of any such excluded persons.

90.     This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and Class Members are easily ascertainable.

91.     The Class Members are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the members of all Classes in a single action will provide substantial benefits to the parties and the Court.

92.     Questions of law and fact common to Plaintiff and the Classes include, but are not limited to, the following:

       a.  Whether Defendant knew or should have known that Dr. Brite Kids Toothpaste contained or may contain Heavy Metals.

       b.  Whether Defendant failed to disclose that Dr. Brite Kids Toothpaste contained or may contain Heavy Metals;

       c.  Whether Defendant's omissions are material to a reasonable consumer;

       d.  Whether Defendant had knowledge that the omissions were material and false, deceptive, and misleading;

       e.  Whether the inclusion of Heavy Metals in Dr. Brite Kids Toothpaste is material to a reasonable consumer;

       f.  Whether Defendant made false or misleading statements of fact on the packaging of Dr. Brite Kids Toothpaste;

       g.  Whether Defendant's packaging and marketing materials for Dr. Brite Kids Toothpaste is false, deceptive, and misleading based on Defendant's omissions;

       h.  Whether the inclusion of Heavy Metals in Dr. Brite Kids Toothpaste is material to a reasonable consumer;

     i.  Whether Defendant's omissions are likely to deceive a reasonable consumer;

     j.  Whether Defendant made false or misleading statements of fact on the marketing material for Dr. Brite Kids Toothpaste;

     k.  Whether Defendant violated the laws of the State of California;

     l.  Whether Defendant owed a duty of care;

     m. Whether Defendant breached its duty of care;

     n.  Whether Defendant owed a duty to disclose;

     o.  Whether Defendant breached its duty to disclose;

     p.  Whether Defendant breached its implied warranties;

     q.  Whether Defendant engaged in unfair trade practices;

     r.  Whether Defendant engaged in false advertising;

     s.  Whether the claims of Plaintiff and Class Members serve a public benefit;

     t.  Whether Plaintiff and Class Members are entitled to actual, statutory, treble, and punitive damages; and

     u.  Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief.

93.    Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other Class Members. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

94.    Plaintiff's claims are typical of those of the Class Members in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

95.    Plaintiff will fairly and adequately represent and protect the interests of

the Classes, has no interest incompatible with the interests of the Classes, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

96.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Classes is small such that, absent representative litigation, it would not be feasible for Class Members to redress the wrongs done to them.

97.    Questions of law and fact common to the Classes predominate over any questions affecting only individual Class Members.

98.    As a result of the foregoing, class treatment is appropriate.

### COUNT I
**Violation of the Unfair Competition Law,**
**California Business & Professions Code § 17200, *et seq.*,**
***(On behalf of Plaintiff & the Nationwide Class or, in the Alternative, the California Subclass)***

99.    Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

100.    Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass against Defendant.

101.    The Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal Bus. & Prof. Code § 17200.

**Fraudulent**

102.    Defendant's failure to disclose that Dr. Brite Kids Toothpaste contains Heavy Metals is likely to deceive reasonable consumers and the public.

103.    Defendant's material misrepresentations concerning the safety and contents of Dr. Brite Kids Toothpaste are likely to deceive reasonable consumers and the public.

**Unlawful**

104.    Defendant's failure to disclose the presence of Heavy Metals in Dr. Brite

23

Kids Toothpaste as well as Defendant's material misrepresentations concerning the contents of Dr. Brite Kids Toothpaste violates at least the following laws:

a. The CLRA, California Business & Professions Code §§ 1750, *et seq.*;

b. The False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*; and

c. The Sherman Food, Drug, and Cosmetic Law, California Health & Safety Code §§ 109875, *et seq.*

**Unfair**

105.    Defendant committed unfair practices by selling Dr. Brite Kids Toothpaste without disclosing the presence of Heavy Metals contained therein or without adequate testing or screening for the Heavy Metals, which rendered Dr. Brite Kids Toothpaste adulterated and misbranded.

106.    Defendant's conduct with respect to the packaging, marketing, and sale of Dr. Brite Kids Toothpaste is unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of Defendant's conduct, if any, does not outweigh the gravity of the harm to its victims.

107.    Defendant's conduct with respect to the packaging, marketing, and sale of Dr. Brite Kids Toothpaste is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including but not limited to, the False Advertising Law.

108.    Defendant's conduct with respect to the packaging, marketing, and sale of Dr. Brite Kids Toothpaste is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one that consumers, themselves, can reasonably avoid.

109.    Defendant was obligated to disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste because (1) Defendant had exclusive knowledge of the presence of Heavy Metals in Dr. Brite Kids Toothpaste that was not known or

reasonably accessible to Plaintiff and Class Members; and (2) Defendant actively concealed the presence of Heavy Metals from Plaintiff and Class Members.

110. Plaintiff and Class Members relied on representations made by Defendant on packaging and marketing materials for Dr. Brite Kids Toothpaste when making their purchasing decisions.  If Plaintiff and Class Members had known Dr. Brite Kids Toothpaste contained Heavy Metals, they would not have purchased Dr. Brite Kids Toothpaste.

111. In accordance with California Business & Professions Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices and to recall all Dr. Brite Kids Toothpaste that contains Heavy Metals and that does not disclose the same.

112. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase Dr. Brite Kids Toothpaste in the future if she can be assured Dr. Brite Kids Toothpaste does not contain Heavy Metals.

113. On behalf of herself and the Classes, Plaintiff also seeks an order for the restitution of all monies from the sale of Dr. Brite Kids Toothpaste, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

## COUNT II
### Violation of California's False Advertising Law,
### California Business & Professions Code §§ 17500, *et seq.*
### *(On behalf of Plaintiff & the Nationwide Class or, in the Alternative, the California Subclass)*

114. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

115. Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass against Defendant.

116. California's False Advertising Law prohibits any statement or omission in connection with the sale of goods "which is untrue or misleading."  Cal. Bus. &

25

Prof. Code § 17500.

117.   As set forth herein, Defendant's failure to disclose that Dr. Brite Kids Toothpaste contains Heavy Metals is likely to deceive the public.

118.   Further, Defendant's material misrepresentations concerning the safety and contents of Dr. Brite Kids Toothpaste is likely to deceive the public.

119.   Defendant knew or should have known Dr. Brite Kids Toothpaste contained undisclosed levels of Heavy Metals.

120.   Defendant intended to deceive reasonable consumers and the public by failing to disclose that Dr. Brite Kids Toothpaste contains Heavy Metals and by making material misrepresentations concerning the safety and contents of Dr. Brite Kids Toothpaste.

121.   Defendant had a duty to disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste, and by failing to disclose this information, misled consumers.

122.   If Defendant had disclosed the presence of Heavy Metals in Dr. Brite Kids Toothpaste or made consumers aware of its failure to disclose this information, Plaintiff and Class Members would not have purchased Dr. Brite Kids Toothpaste.

123.   Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase Dr. Brite Kids Toothpaste in the future if she can be assured Dr. Brite Kids Toothpaste does not contain Heavy Metals.

124.   Plaintiff and Class Members are entitled to injunctive and equitable relief as well as restitution in the amount they spent on Dr. Brite Kids Toothpaste.

### COUNT III
**Violation of California's Consumers Legal Remedies Act,**
**California Civil Code § 1750, *et. seq.***
***(On behalf of Plaintiff & the Nationwide Class or, in the Alternative, the***
***California Subclass)***

125.   Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

26

126.   Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, on behalf of the California Subclass against Defendant.

127.   Plaintiff and Class Members are "consumers," as the term is defined by California Civil Code § 1761(d).

128.   Dr. Brite Kids Toothpaste products are "goods," as that term is defined in California Civil Code § 1761(a).

129.   Plaintiff, each member of the Classes, and Defendant are each a "person" as that term is defined in California Civil Code § 1761(c).

130.   Plaintiff and each member of the Classes' purchases of Dr. Brite Kids Toothpaste constituted a "transaction" as that term is defined in California Civil Code § 1761(e).

131.   Defendant's conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act ("CLRA"):

      a.   California Civil Code § 1770(a)(5) by failing to disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste;

      b.   California Civil Code § 1770(a)(7) by knowingly, recklessly, and/or intentionally representing that Dr. Brite Kids Toothpaste products were of a particular standard, quality, or grade, when they were of another; and

      c.   California Civil Code § 1770(a)(9) by knowingly, recklessly, and/or intentionally advertising Dr. Brite Kids Toothpaste products with intent not to sell them as advertised.

132.   The omissions were material as reasonable consumers such as Plaintiff and Class Members would deem the presence of Heavy Metals important in determining whether to purchase Dr. Brite Kids Toothpaste.

133.   Defendant was obligated to disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste because (1) Defendant had exclusive knowledge of the

presence of Heavy Metals in Dr. Brite Kids Toothpaste, which was not known or reasonably accessible to Plaintiff and Class Members; and (2) Defendant actively concealed the presence of Heavy Metals from Plaintiff and Class Members.

134.   As a direct and proximate result of these violations, Plaintiff and Class Members have been harmed, and such harm will continue unless and until Defendant is enjoined from using the misleading packaging and marketing materials described herein in any matter in connection with the advertising and sale of Dr. Brite Kids Toothpaste.

## COUNT IV
### Breach of Implied Warranty of Merchantability
### *(On behalf of Plaintiff & the Nationwide Class)*

135.   Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

136.   Plaintiff brings this claim under California law individually and on behalf of the Nationwide Class against Defendant.

137.   Defendant is a merchant engaging in the sale of goods to Plaintiff and Class Members.

138.   There were sales of goods from Defendant to Plaintiff and Class Members.

139.   Before Plaintiff and Class Members purchased Dr. Brite Kids Toothpaste products, Defendant impliedly warranted that those products were merchantable quality, conformed to the promises and affirmations of fact made on the packaging, and were fit for their ordinary use, *i.e.*, use by consumers.

140.   Plaintiff and Class Members relied on these implied warranties when they purchased Dr. Brite Kids Toothpaste.

141.   Dr. Brite Kids Toothpaste products were not of merchantable quality, did not conform to the promises and affirmations of fact made on the packaging, and were not fit for their ordinary use as they included undisclosed levels of Heavy Metals that

do not conform to the packaging.

142.   These promises became part of the basis of the bargain between Defendant and Plaintiff and Class Members and, therefore, constituted implied warranties.

143.   Defendant breached its implied warranties by selling Dr. Brite Kids Toothpaste that contained undisclosed Heavy Metals.

144.   Privity exists because Defendant manufactured and sold Dr. Brite Kids Toothpaste directly to Plaintiff and Class Members.

145.   Defendant impliedly warranted to Plaintiff and Class Members that Dr. Brite Kids Toothpaste did not contain contaminants such as Heavy Metals by failing to disclose the presence of Heavy Metals while making promises about the quality and nature of Dr. Brite Kids Toothpaste, including that its products are "non-toxic," "free of toxic chemicals," "safe for your little ones," and "safe to swallow."

146.   As a direct and proximate result of Defendant's breach of its implied warranties, Plaintiff and Class Members suffered actual damages because they purchased Dr. Brite Kids Toothpaste products that were worth less than the price paid and they would not have purchased Dr. Brite Kids Toothpaste if Defendant had disclosed that Dr. Brite Kids Toothpaste contains Heavy Metals.

147.   Plaintiff, on behalf of herself and Class Members, seeks actual damages for Defendant's failure to deliver goods that conform to its implied warranties and resulting breach.

## COUNT V
### Fraud by Misrepresentation
### *(On behalf of Plaintiff & the Nationwide Class)*

148.   Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

149.   Plaintiff brings this claim under California law individually and on behalf of the Nationwide Class against Defendant.

150.   Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste gave Plaintiff and Class Members the impression that Dr. Brite Kids Toothpaste did not contain Heavy Metals, which was material to Plaintiff and Class Members when deciding whether to purchase and use Dr. Brite Kids Toothpaste.

151.   Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste were false because Dr. Brite Kids Toothpaste contained Heavy Metals.

152.   Defendant knew that its claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste were false when Defendant made them because:

       a.   Defendant was in a superior position to know the chemical composition of Dr. Brite Kid Toothpaste;

       b.   Defendant was in a superior position to know the suitability of Dr. Brite Kid Toothpaste for its ordinary use; and

       c.   Defendant knew that ordinary consumers such as Plaintiff and Class Members could not reasonably have been expected to learn about the presence of Heavy Metals in Dr. Brite Kids Toothpaste without Defendant disclosing that information.

153.   Defendant intended for consumers, including Plaintiff and Class Members, to rely on its claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste.

154.   Plaintiff and each member of the Classes reasonably relied on Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste.

155.   Plaintiff and Class Members were harmed as a direct and proximate result of Defendant's conduct. Plaintiff and Class Members suffered actual damages because they purchased Dr. Brite Kids Toothpaste products that were worth less than

the price paid and they would not have purchased Dr. Brite Kids Toothpaste if Defendant had disclosed that Dr. Brite Kids Toothpaste contains Heavy Metals.

156. Plaintiff and Class Members seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT VI
### Negligent Misrepresentation
### *(On behalf of Plaintiff & the Nationwide Class)*

157. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

158. Plaintiff brings this claim under California law individually and on behalf of the Nationwide Class against Defendant.

159. Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste conveyed to a reasonable consumer that Dr. Brite Kids Toothpaste does not contain Heavy Metals.

160. Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste are material to a reasonable consumer because they relate to human health and safety.

161. Reasonable consumers would find that these claims are important and would be reasonably induced to purchase Dr. Brite Kids Toothpaste based on these claims.

162. Defendant intended for consumers, including Plaintiff and Class Members, to rely on its claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste.

163. In selling Dr. Brite Kids Toothpaste, Defendant acted in the ordinary course of its business and had pecuniary interest in consumers purchasing its products.

164. Defendant knew or was negligent in not knowing that Dr. Brite Kids Toothpaste contained Heavy Metals.

165.   Defendant negligently marketed that Dr. Brite Kids Toothpaste did not contain Heavy Metals, based on Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste

166.   Plaintiff and Class Members reasonably and justifiably relied on Defendant's claims on packaging and in marketing materials for Dr. Brite Kids Toothpaste when purchasing Dr. Brite Kids Toothpaste and would not have purchased Dr. Brite Kids Toothpaste had they known it contained Heavy Metals.

167.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and Class Members have suffered actual damages in the amount they spent on Dr. Brite Kids Toothpaste, plus interest thereon.

### COUNT VII
**Unjust Enrichment**
***(On behalf of Plaintiff & the Nationwide Class)***

168.   Plaintiff incorporates by reference the allegations contained in the paragraphs above as if set forth fully herein.

169.   Plaintiff brings this claim under California law individually and on behalf of the Nationwide Class against Defendant.

170.   Plaintiff and Class Members have conferred substantial benefits to Defendant through the purchases of Dr. Brite Kids Toothpaste products.  Defendant knowingly and willingly accepted, retained, and enjoyed these benefits.

171.   Defendant either knew or should have known that the payments rendered by Plaintiff and Class Members were given and received with the expectation that the Dr. Brite Kids Toothpaste products would not contain Heavy Metals.  As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

172.   Defendant was obligated to disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste because Defendant had exclusive knowledge of the presence of Heavy Metals in Dr. Brite Kids Toothpaste and Defendant actively

32

concealed the presence of Heavy Metals in Dr. Brite Kids Toothpaste from Plaintiff and Class Members.

173.   Defendant's acceptance and retention of the benefits of the payments from Plaintiff and Class Members under the circumstances alleged herein make it inequitable for Defendant to retain these benefits.

174.   Plaintiff and Class Members are entitled to recover from Defendant all amounts wrongfully collected, plus interest thereon.

175.   Plaintiff and Class Members seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alma Franco, on behalf of herself and others similarly situated, respectfully requests that the Court:

a.  Certify the proposed Classes;

b.  Appoint Plaintiff as class representative and Plaintiff's counsel as class counsel for each of the Classes;

c.  Temporarily and permanently enjoin Defendant from selling Dr. Brite Kids Toothpaste that contains Heavy Metals or order Defendant to disclose the presence of Heavy Metals in Dr. Brite Kids Toothpaste on all packaging and marketing materials;

d.  Order Defendant to recall all Dr. Brite Kids Toothpaste that does not disclose the presence of Heavy Metals on its packaging;

e.  Award declaratory relief and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged in this Class Action Complaint and injunctive relief to remedy Defendant's conduct;

f.  Order Defendant to pay Plaintiff and the Classes restitution to restore all funds acquired by means of any act or practice declared by the Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of law, plus pre- and post-judgment interest thereon to the extent provided by law;

g.  Order Defendant to disgorge or return to Plaintiff and the Classes all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

h.  Order Defendant to pay Plaintiff and the Classes all actual, compensatory, exemplary, and statutory damages and penalties permitted under the counts alleged in this Class Action Complaint in an amount to be determined by the Court, but at least $5,000,000;

i.  Order Defendant to pay Plaintiff and the Classes punitive damages on any count so allowable;

j.  Order Defendant to pay Plaintiff and the Classes their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

k.  Award such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims so triable.

Dated:    May 12, 2025               By: *Matthew J. Langley*
                                     Matthew J. Langley (SBN 342846)
                                     **ALMEIDA LAW GROUP LLC**
                                     849 W. Webster Avenue
                                     Chicago, Illinois 60614
                                     t: 312-576-3024
                                     matt@almeidalawgroup.com

                                     *Attorney for Plaintiff & the Proposed Classes*

34